Erdogan Tunc, Esq.
CA SBN 338659
227 Lucas Ave, Apt 3
Los Angeles, CA 90026
Phone: (408) 831-2506
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.M. [1]  Plaintiff<br><br>v.<br><br>UR M. JADDOU, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES; DAVID M. RADEL, DIRECTOR, USCIS LOS ANGELES ASYLUM OFFICE,<br><br>Defendants. | CASE NUMBER:<br><br>**8:23-cv-459**<br><br>To be supplied by the Clerk of The United States District Court<br><br>**COMPLAINT FOR WRIT OF MANDAMUS** |

## I. INTRODUCTION

This is a civil action brought by Plaintiff to compel Defendants, officers of the United States, to adjudicate Plaintiff's Form I-589 Application for Asylum, which has been unreasonably delayed. Despite a statutory deadline of 45 days, Plaintiff's application has been pending for more than six years.

---

[1] Plaintiff is proceeding pseudo-anonymously due to the sensitive nature of his asylum application and fears of persecution. A copy of the complaint with the Plaintiff's name and identifying alien number has been served on the U.S. Attorney's Office, and a copy will be mailed to the Court's chamber once the matter is assigned. Plaintiff has also separately filed a motion to proceed pseudo-anonymously.

## II. PARTIES

Plaintiff is a citizen of Turkey. Plaintiff filed a Form I-589 which is the basis of this complaint. He resides in San Diego, California.

Respondent UR M. JADDOU is Director, U.S. Citizenship and Immigration Services ("USCIS"). USCIS oversees the Los Angeles Asylum Office. She is sued in her official capacity.

Respondent DAVID M. RADEL is Director of the USCIS Los Angeles Asylum Office which processes and adjudicates certain applications on behalf of USCIS. Plaintiff's Form I-589 file is currently held at the Los Angeles Asylum Office, which is located in this jurisdiction. Mr. DAVID M. RADEL is sued in his official capacity.

## III. JURISDICTION AND VENUE

Jurisdiction of the Court is predicated upon **28 U.S.C. §§ 1331** and **1346(a)(2)** in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action under **5 U.S.C. § 701 *et seq.*,** the Administrative Procedure Act; and **28 U.S.C. § 1361**, regarding an action to compel an officer of the United States to perform his or her duty. The Court also has jurisdiction to declare the actions of USCIS illegal under the Declaratory Judgment Act, **28 U.S.C. § 2201**.

Venue is proper in this District under **28 U.S.C. § 1391(e)** because a substantial part of the events or omissions giving rise to the claim occurred in this District and no real property is involved in this action. Moreover, the Los Angeles Asylum Office, which has jurisdiction over and is currently maintaining the Form I-589 which is the subject of this complaint, is located in this jurisdiction.

### IV. LAW

Under **8 U.S.C. § 1158**, an alien who is physically present in the United States may apply for asylum with the Secretary of Homeland Security. Generally, this application must be filed on Form I-589 within one year of arrival to the United States. **§ 1158(a)(2)(B)**. The applicant has the burden to establish that he is a "refugee," or, in other words, that he is unable or unwilling to return to his country because of past persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Id. See also* **8 U.S.C. § 1101(a)(42); 8 C.F.R. § 208.13** *et seq*.

Upon receipt of the application, USCIS policy is to schedule the applicant for an interview with an asylum officer at one of eight asylum offices, two asylum sub-offices, or a USCIS field office ("circuit ride location"). *See* https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/the-affirmative-asylum-process (accessed 2/28/2022).

The applicant is to receive an interview notice with the date, location, and

time of the interview. *Id.*

The Immigration and Nationality Act requires that "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed[.]" **8 U.S.C. § 1158(d)(5)(A)(ii).**

According to its website, USCIS prioritizes the scheduling of asylum interviews for cases that have been pending for 21 days or less and "All other pending affirmative asylum applications will be scheduled for interviews starting with newer filings and working back towards older filings." *Id.*

## V. STATEMENT OF FACTS

Plaintiff is a citizen of Turkey. He entered the United States on September 2, 2014.

Plaintiff is a member of the Gulen or "Hizmet" movement. Conflicts between this movement and prevailing political party in Turkey began as early as 2012. Ultimately, the Gulen movement was blamed by Turkish President Recep Erdogan for the failed coup attempt in that country on July 15, 2016. Following this event, tens of thousands of purported members of the movement were detained and prosecuted. These included both military and non-military personnel, including thousands of judges and education staff. Some have been tortured.

Plaintiff is seeking political asylum in the United States due to his

4

affiliation with the Hizmet movement, also known as the Gulen Movement, which is led by Fethullah Gulen. The movement's goal is to achieve world peace and provide education for all, regardless of religion, ethnicity, or financial ability.

Plaintiff and his family have always supported the Hizmet movement. Plaintiff attended several schools affiliated with the movement, from elementary school to university. Plaintiff studied software engineering in Hizmet movement affiliated Fatih University. All the schools Plaintiff attended were shut down by the Turkish government due to their affiliation with the Hizmet movement.

Although the Plaintiff was studying in the United States when the coup attempt took place in Turkey in July 2016, he became a target of the Turkish government's investigation on terrorism charges into Hizmet. In October 2016, when he went to the Turkish Consulate in Los Angeles to delay his mandatory military service in Turkey, the consular officer canceled and confiscated his Turkish passport without giving him any reason or official document acknowledging that they have taken his passport. His passport was canceled because he was listed as a "coup plotter" associated with the Hizmet movement.

Plaintiff's family and friends in Turkey were also targeted by the Turkish government. Plaintiff's father is under investigation for being associated with the Hizmet movement. His funds in his bank accounts have been seized and Plaintiff's brother's bank accounts were frozen. Currently, Plaintiff's brother is

5

being tried as a member of the Hizmet movement. He was paroled by Criminal Court of Peace with a ban on leaving the country.

Plaintiff and his father both had bank accounts at Bank Asya, which was seized by the Turkish government for its Hizmet affiliation. Turkey's Supreme Court of Appeals ruled money deposits to now-defunct Bank Asya may be considered as evidence of membership to the Hizmet movement, which the government sees as terror group.

Plaintiff is still attending and volunteering gatherings and events organized by Hizmet associated organizations in the US.

Plaintiff would face certain serious harm if he returns back to Turkey.

## VI. FIRST CLAIM FOR RELIEF

MANDAMUS TO COMPEL SCHEDULING OF ASYLUM INTERVIEW

Petitioners incorporate by reference paragraphs above.

**28 U.S.C. § 1361** provides that district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

A mandamus plaintiff must demonstrate that: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. ***Patel v. Reno***, 134 F.3d 929, 931 (9th Cir. 1997).

Plaintiff has a clear right to the timely adjudication of his asylum application. The Immigration and Nationality Act requires that "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application *shall* commence not later than 45 days after the date an application is filed[.]" **8 U.S.C. § 1158(d)(5)(A)(ii)** (emphasis added).

Moreover, "language in the applicable regulations indicates that USCIS has a nondiscretionary duty to process and make a decision on" asylum applications. ***Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1141 (D. Ariz. 2008).** For example, the "USCIS *shall* adjudicate the claim of each asylum applicant whose application is complete within the meaning of **§ 208.3(a)(2) or (c)(3)[.]" 8 C.F.R. § 208.9(a)** (emphasis added) S*ee also,* ***Patel v. Reno,* 134 F.3d 929, 933 (9th Cir. 1997)** (consular officer has duty to adjudicate visa application); ***Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540, 546 (S.D.N.Y. 2008)** (the Attorney General has discretion to grant or deny an application but does not have discretion to simply never adjudicate it);

Plaintiff filed his application with all required supporting documentation. However, USCIS has failed to act by unreasonably refusing to schedule him for an interview. Plaintiffs have engaged in attempts to urge USCIS to schedule the interview multiple times without success and have no other remedy available.

As noted in the preceding section, USCIS policy is to schedule all applicants for interview within 21 days, but anyone who is not scheduled within that time is prioritized *behind* all new applicants. While this policy may have had good intentions, for applicants like Plaintiff it is a complete nightmare. The longer he is made to wait, the further back in line he gets. It is safe to assume that without this Court's help, Plaintiff will *never* be scheduled for an asylum interview. This is in violation of his rights under **8 U.S.C. §1158**, particularly the 45 day rule, and contrary to the intent of Congress.

## VII. SECOND CLAIM FOR RELIEF

VIOLATION OF ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 555, 706, *et seq*.

Petitioner incorporates by reference paragraphs above.

The Administrative Procedure Act allows a Court to "compel an agency action unlawfully withheld or unreasonably delayed." **5 U.S.C. § 706(1)**. The Asylum Office's failure to adjudicate the I-589 application has been unreasonably delayed, as described above.

Courts have previously found that delays far less than in the present case were sufficient to compel adjudication of USCIS applications. *See, e.g.,* **Dong v. Chertoff**, **513 F. Supp. 2d 1158, 1169 (N.D. Cal. 2007)** (compelling adjudication of an adjustment of status application when "plaintiffs' applications have been

pending for well more than a year"); **Singh v. Still**, **470 F. Supp. 2d 1064, 1071 (N.D. Cal. 2007)** (citing a case "denying defendants' motion for judgment on the pleadings; noting that plaintiff's application had been pending for two and a half years"); **Galvez v. Howerton, 503 F.Supp. 35, 39–40 (C.D. Cal.1980)** (finding that the INS engaged in affirmative misconduct in processing petitions for adjustment of status and that therefore defendants were estopped from denying the plaintiffs permanent resident status; noting that one example of affirmative misconduct was a six-month delay by defendants in processing).

In the present case, Plaintiff has been waiting more than six years.

## VIII. PRAYER FOR RELIEF

WHEREFORE, and in light of the foregoing, Plaintiffs pray that the Court:

(a) Assume jurisdiction over this matter;

(b) Declare Defendants' actions unlawful;

(c) Order Defendants to schedule for an asylum interview within 15 days.

(d) Grant an award of attorneys' fees and costs under the Equal Access to Justice Act; and,

///

///

///

9

    (e)    Grant Plaintiffs any other relief this court deems just and proper at law and in equity.

Respectfully Submitted,

/s/ Erdogan Tunc

Erdogan Tunc, Esq.
CA SBN 338659
227 Lucas Ave, Apt 3
Los Angeles, CA 90026
P: (408) 831-2506
erdtunc43@gmail.com

Dated: March 13, 2022